UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mauricio E. Weber, *a/k/a Esteban M. Weber*, | C/A No. 8:12-1231-TMC-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| G. Ross Anderson, Jr., sued in official capacities; J. Cordell Maddox, Jr., Chief Administrative Judge; Chrissy T. Adams, Solicitor; Kristin W. Reeves, Assistant Solicitor; Jenn Byford, Assistant Solicitor; Christopher Scalzo, Public Defender (10th Judicial Circuit), | |
| Defendants. | |

Mauricio E. Weber ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Anderson County Detention Center ("ACDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants have violated his constitutional rights, and he seeks injunctive relief. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges a conspiracy to deprive him of fair and impartial criminal proceedings in violation of the Constitution. Compl. at 3. He refers to a previous action he filed in this Court wherein the Honorable G. Ross Anderson, Jr., a defendant in this case, entered an Order on April 16, 2012, that ended his case. *Id.* at 6. Plaintiff alleges that instead of appealing Judge Anderson's April 16, 2012, Order, he filed the Complaint again in this action and added two defendants—G. Ross Anderson, Jr., and Christopher Scalzo. *Id.* This Court takes judicial notice that Plaintiff filed a civil action in this Court on January 3,

2012, *Weber v. Court of General Sessions*, C/A No. 8:12-36-GRA-JDA (D.S.C.) ("*Weber v. Court*"), wherein he named as defendants J. Cordell Maddox, Jr., Chrissy T. Adams, Kristin W. Reeves, and Jenn Byford.[1] In *Weber v. Court*, Plaintiff alleged that on August 10, 2010, he was charged in state court with murder and possession of a weapon during the commission of a violent crime based on the accusation that he stabbed his fiancee. Report and Recommendation, *Weber v. Court* (D.S.C. Jan. 19, 2012), ECF No. 10. Plaintiff alleged that J. Cordell Maddox, Jr., is a state court judge who has been involved in the state criminal proceedings against him. *Id.* He alleged that during a November 10, 2011, hearing, he requested to represent himself, but that Judge Maddox refused his request and wrongfully appointed him another attorney, Public Defender Christopher Scalzo. *Id.* Plaintiff alleged that Judge Maddox is attempting to avoid hearing Plaintiff's *pro se* motions. *Id.* Further, Plaintiff alleged that Chrissy T. Adams is the Solicitor for the Tenth Judicial Circuit and that Kristin W. Reeves and Jenn Byford are assistant solicitors for the Tenth Judicial Circuit. *Id.* Plaintiff alleged that Adams, Reeves, and Byford have refused to provide him exculpatory evidence. *Id.*

In *Weber v. Court*, the Report and Recommendation suggested that the Court should dismiss the action without prejudice for several reasons, including: this Court should abstain from interfering with pending state criminal proceedings; and, this Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge or prosecutors to take certain actions in a pending criminal case. *Id.* On April 16, 2012,

---

[1] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

this Court dismissed Plaintiff's Complaint without prejudice and without issuance of service of process, and it adopted the Report and Recommendation in its entirety. Order, *Weber v. Court* (D.S.C. April 16, 2012), ECF No. 15. In the April 16, 2012, Order, this Court found that Plaintiff's case did not involve extraordinary circumstances that warrant federal intervention and that the alleged civil conspiracy against him is not based in evidence. *Id.* This Court explained that in a prior case, *Weber v. Aiken-Partain*, C/A No. 11-2423 (D.S.C.) ("*Weber v. Aiken-Partain*"), it found "no reason to believe that the Defendants in this case were knowingly and intentionally conspiring against Plaintiff," and it reaffirmed that there was no evidence of a civil conspiracy.[2] *Id.* Further, this Court stated that the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine does not permit it to enjoin the state prosecution against Plaintiff, and he should be able to raise his federal constitutional rights during state proceedings. *Id.*

In the Complaint *sub judice*, Plaintiff alleges the same civil conspiracy against him in state court (to deprive him of his rights to self-representation, exculpatory evidence, and change of venue), but he now claims that Judge Anderson and Christopher Scalzo are part of the conspiracy. Compl. at 3, 16. Plaintiff appears to allege that Judge Anderson should have recused himself as the presiding judge in *Weber v. Court* and *Weber v. Aiken-Partain*, and that Judge Anderson conspired with the other defendants named in this action to deprive Plaintiff of his rights in the state pending prosecution. Compl. at 7–13. Specifically, he alleges Judge Anderson is an associate and former colleague of the other named

---

[2] In *Weber v. Aiken-Partain*, Plaintiff filed an appeal from this Court's dismissal with the Court of Appeals for the Fourth Circuit, and the matter is pending. Chrissy Adams and Kristin Reeves were also named as defendants in that case.

defendants but he did not disclose that to Plaintiff. *Id.* Plaintiff seeks a federal investigation into whether Judge Anderson is an associate and former colleague of the other named defendants and had a conflict of interest. *Id.* at 18. Plaintiff further alleges that Judge Anderson on April 16, 2012, "waived abstention by interfering in on-going state criminal proceedings by falsely stating that plaintiff was granted a change of venue. This was defendant Anderson's way of retaliating against Plaintiff for exposing his connections to the defendants in that case and this case." Compl. at 11.

As to Christopher Scalzo, Plaintiff alleges since Scalzo's appointment to represent him in the state proceedings on November 10, 2011, Scalzo has not written or visited him. *Id.* at 13.

Plaintiff alleges that the prosecutors may move forward with his trial and he believes "these defendants may seek the death penalty against Plaintiff in retaliation for implicating them and defendant Anderson in a civil rights conspiracy, especially during an election year. . . ." *Id.* at 13–16.

For his relief, Plaintiff seeks various "injunctions": a federal investigation into Judge Anderson's relationship with the other defendants; a change of venue from state court to federal court; the right to self-representation; media coverage of all proceedings to ensure the integrity of the judicial process; order the prosecutors to produce all exculpatory evidence; and, a private investigator to take crime scene photographs and videos. *Id.* at 17–20.

In addition to the Complaint, Plaintiff submitted a first, second, and third declaration, which documents are attached to the Complaint. ECF No. 11. In the first declaration, Plaintiff alleges the jail conditions at the ACDC violate the Constitution, he has been denied

4

certain medical treatment, he has been subjected to excessive force and abuse, and he has been discriminated against based on religion and national origin. In the second and third declarations, he gives descriptions of his state criminal proceedings and prior litigation in this Court.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the

5

pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

None of the new or additional allegations contained in this Complaint changes this Court's recommendation contained in *Weber v. Court* that it would be inappropriate for it to interfere in the pending state prosecution against Plaintiff. In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Plaintiff's allegations that Judge Anderson is involved with the alleged civil conspiracy to deprive his rights in state court are frivolous and malicious. This Court held in a prior case that Plaintiff's allegations did not state a cognizable claim for a civil conspiracy against him in state court. Thus, for Plaintiff to continue to file cases in this Court alleging the same or similar civil conspiracies against him is frivolous because this Court has ruled on that issue. *See Jones v. South Carolina*, C/A No. 3:02-157-24BC, 2002 WL 32334394, at *1 (D.S.C. Sept. 17, 2002) (repetitive and duplicative filings can rise to the level of maliciousness). Also, Plaintiff's Complaint is frivolous because the allegations against Judge Anderson are fantastic or delusional. For

6

example, it is apparent that in the April 16, 2012, Order, Judge Anderson was ruling on the case before him and was not retaliating against Plaintiff "for exposing his connections to the defendants in that case and this case." *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009). Further, Plaintiff's decision to forego an appeal in *Weber v. Court*, and to file the Complaint in this new action to attack Judge Anderson's involvement with his prior cases rises to the level of maliciousness. Therefore, this Court should abstain on this § 1983 action as it did in *Weber v. Court*, and this action should also be dismissed based on frivolousness and maliciousness.

Furthermore, Judge Anderson has immunity from this suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978). *See also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Plaintiff alleges that Judge Anderson wrongfully failed to disclose his association with the defendants in Plaintiff's prior lawsuits in this Court and should have recused himself. Plaintiff is attacking actions taken by Judge Anderson in his judicial capacity, and Plaintiff points to judicial acts of several failures to enter recusal orders as erroneous. Thus, although Plaintiff seeks only injunctive

relief, Judge Anderson should have absolute judicial immunity in this case. *See Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000) (federal judges may have absolute immunity from a *Bivens* action where a plaintiff seeks injunctive relief); *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003) (certain injunctive relief is barred by absolute judicial immunity), *aff'd*, 401 F.3d 411 (6th Cir. 2005). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer).

Moreover, as this Court recommended in *Weber v. Court*, this action may be dismissed for failure to state a claim on which relief may be granted because Plaintiff requests certain relief that this Court cannot grant. Plaintiff's requests for this Court to order Judge Maddox to take certain actions in a pending criminal case are in the nature of seeking a writ of mandamus against Judge Maddox. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge to take certain actions in a pending criminal case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008). Similarly, because Adams, Reeves, and Byford are a solicitor and assistant solicitors, which are state officials[3], this Court does not have jurisdiction to enter a writ of mandamus to order them to take certain actions. In fact, because this Court ruled in *Weber*

---

[3] In South Carolina, regional prosecutors are called solicitors and assistant solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. Art. V, § 24; S.C. Code Ann. § 1-7-310.

*v. Court*, that Plaintiff cannot seek such injunctive relief against several of these same defendants, this action is frivolous and malicious for this additional reason.

Further, Defendant Scalzo should be dismissed from this action because he did not act under color of law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor).

Lastly, Plaintiff's allegations about his prison conditions in the ACDC fail to state a claim on which relief may be granted because he makes no allegations that the defendants were personally involved with the misconduct.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *with prejudice* based on maliciousness and frivolousness. Pursuant to 28 U.S.C. § 1915(g), it is further recommended that this action be deemed a "strike." **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

May 23, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).