IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Mauricio E. Weber,<br>*a/k/a Esteban M. Weber,*<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>G. Ross Anderson, Jr., sued in official capacities; J Cordell Maddox, Jr., Chief Administrative Judge; Chrissy T. Adams, Solicitor; Kristin W. Reeves, Assistant Solicitor; Jenn Byford, Assistant Solicitor; Christopher Scalzo, Public Defender (10th Judicial Circuit)<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 8:12-1231-TMC<br><br>**OPINION & ORDER** |

　　　　Plaintiff, Mauricio E. Weber ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis* brings this action under 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On May 23, 2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed with prejudice based on maliciousness and frivolousness. (Dkt. # 16). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 16 at 10). Plaintiff filed objections to the Magistrate Judge's Report on June 4, 2012. (Dkt. # 18).

　　　　The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the

Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Complaint be dismissed with prejudice as malicious and frivolous, in part, because (1) the instant case fails to state a claim upon which relief may be granted; (2) the case is a frivolous duplicate filing;[1] (3) Defendant, G. Ross Anderson, Jr., has absolute immunity from this law suit (Report at 7); and (4) this court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state judge to take certain actions in a pending criminal case. (Report at 8).

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. The objections are

---

[1] See *Weber v. Court of General Sessions, et al.* C/A No. 8:12-00036-GRA, which was summarily dismissed on

2

non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Complaint is **DISMISSED** with prejudice for maliciousness and frivolousness and this dismissal is deemed a "strike" under 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F3d. 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness that is rendered without prejudice may permit a strike designation).

**IT IS SO ORDERED.**

                                               s/Timothy M. Cain
                                               United States District Judge

Anderson, South Carolina

July 6, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

April 16, 2012.